————O————

BELFORD S. WALKER, Defendant in Error, *vs.* THOMAS BRADBURY, Plaintiff in Error.

1. *Sheriff—Failure of to collect on execution—Recovery against for—What remedy against—Execution defendant.*—A sheriff who, through neglect, has failed to collect money on an execution, and in consequence of such failure has been compelled to pay the debt to the plaintiff in the execution, cannot afterward in an ordinary action recover such amount from the defendant in the execution.

*Error to Morgan Circuit Court.*

*A. W. Anthony,* for Defendant in Error.

*J. A. Spurlock,* for Plaintiff in Error.

SHERWOOD, Judge, delivered the opinion of the court.

The only question of any practical importance in this case, is whether a sheriff, who, through neglect, has failed to collect money on an execution, and in consequence of such failure, has been compelled to pay the debt to the plaintiff in the execution, can afterwards, in an ordinary action, recover such amount of the execution defendant.

The rule seems to be well settled that a recovery under such circumstances cannot be had. Thus, in Pitcher vs. Bailey, (8 East., 171) it was held that an " officer could not raise any cause of action by the payment of money for another, on account of his own breach of duty." This case followed that of Eyles v. Faikney, (K. B. Easter, Term.,) 32 Geo. 3.

In Gwynne on Sheriffs, 5, 6, 7, it is stated, that the officer cannot recover "from a debtor, money paid in neglect of his duty, unless when it is specifically provided for by statute."

In Bigelow vs. Provost, (5 Hill, 566) Cowen, J., in delivering the opinion of the court, remarked : " It would tend little to the prompt execution of a sheriff's duty, if we should encourage him to delay by holding out the hope that he may save himself through any expedient. It is but another name for encouragement to violate his duty ; and cases of abstract morality will soon be invoked as a precedent for the most flagrant instances of misconduct."

Whether an officer, who, upon the promise of the defendants, of re-payment or otherwise, satisfies the execution out of his own proper funds, would be entitled to subrogation in equity to the rights of the execution plaintiff, is a question not presented by this record, and whose determination, therefore, would be merely anticipatory.

For these reasons, the judgment will be reversed, and the cause dismissed. All the judges concur.